JOEL B. WEINBERG, RECEIVER
17401 Ventura Boulevard, Suite B-21
Encino, California 91316
Telephone:   (818) 462-0420
Facsimile:    (818) 609-9686
Email:          jweinberg@usisg.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION,<br><br>              Plaintiff,<br><br>    v.<br><br>COMAIR ROTRON, INC.; THERMAFLO, INC.; AND COMAIR PARENT CORP.,<br><br>              Defendants. | CASE NO.   08-cv-1387 DMS (POR)<br><br>Assigned to Hon. Dana M. Sabraw<br><br><br>**RECEIVER'S:**<br>1.   **ACCEPTANCE OF APPOINTMENT;**<br>2.   **OATH;**<br>3.   **CONTACT INFORMATION**<br><br>[No Hearing Required] |

Consistent with this Court's Stipulated Order Appointing Receiver, signed on July 31, 2008 (the "Order"), a copy of which is attached hereto as Exhibit "A," I, Joel B. Weinberg, hereby declare and state:

      1.     I accept my appointment as Receiver in this matter.

      2.     I do hereby swear to perform faithfully the duties reposed in me as Receiver by the Court and to obey orders of the Court.

      3.     For the convenience of the Court and parties in this matter, I provide the following contact information:

PRINTED ON
RECYCLED PAPER

5554457v1

Receiver:	Joel B. Weinberg
	17401 Ventura Boulevard, Suite B-21
	Encino, CA 91316
	Telephone:	(818) 462-0420
	Facsimile:	(818) 609-9686
	Email:	jweinberg@usisg.com

Proposed Counsel
to the Receiver:	SteveN M. Spector
	Thomas M. Geher
	Jeffer, Mangels, Butler & Marmaro LLP
	1900 Avenue of the Stars, Seventh Floor
	Los Angeles, CA 90067-4308
	Telephone:	(310) 203-8080
	Facsimile:	(310) 203-0567
	Email:	sspector@jmbm.com
	Email:	jgeher@jmbm.com

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on August 1, 2008 at Encino, California

_____
JOEL B. WEINBERG

EXHIBIT "A"

```
 1  LANCE N. JURICH (SBN 132695)
    ljurich@loeb.com
 2  DERRICK TALERICO (SBN 223763)
    dtalerico@loeb.com
 3  LOEB & LOEB LLP
    10100 Santa Monica Boulevard, Suite 2200
 4  Los Angeles, California 90067-4120
    Telephone:  310-282-2000
 5  Facsimile:  310-282-2200

 6  MICHAEL L. MOLINARO (pro hac vice pending)
    BLAIR R. ZANZIG (pro hace vice pending)
 7  LOEB & LOEB LLP
    321 n. Clark Street, Suite 2300
 8  Chicago, Illinois  60657
    Telephone:  312-646-3100
 9  Facsimile:  312-464-3111

10  Attorneys for Plaintiff
    LaSalle Bank National Association
11
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>COMAIR ROTRON, INC.; THERMAFLO, INC.; and COMAIR PARENT CORP.,<br><br>    Defendants. | Case No.  08-cv-1387 DMS (POR)<br><br>Assigned to Hon. Dana M. Sabraw<br><br>**STIPULATED ORDER APPOINTING A RECEIVER** |

BEFORE THE COURT is Plaintiff LaSalle Bank National Association's ("LaSalle") Motion for the Appointment Receiver (the "Motion") against the Defendants Comair Rotron, Inc. ("Comair Rotron"), Thermaflo, Inc. ("Thermaflo"), and Comair Parent Corp. ("Comair Parent"); due and proper notice of the Motion having been provided to all parties entitled thereto; the Parties having each agreed to

the entry of this Stipulated Order, and this Court otherwise being fully advised in the premises.

IT IS HEREBY ORDERED:

1. Joel B. Weinberg of Insolvency Services Group, Inc., 17401 Ventura Boulevard, Suited B-21, Encino California, 91316 is appointed as Receiver over all collateral pledged to LaSalle by Comair Rotron, Thermaflo and Comair Parent pursuant to the Loan Documents as alleged in the Complaint (collectively, the "Collateral").

2. The Receiver and the receivership which this Court is creating is subject to, and shall be, administered according to Federal Rule of Civil Procedure 66, the Local Civil Rule of the United States District Court for the Southern District of California 66.1 ("Local Rule 66.1"), and 28 U.S.C. § 959.

3. The Receiver's appointment herein shall be effective immediately upon the execution and entry of this order and the acceptance of the receiver filed with the Court. The Receiver shall provide his written acceptance and oath to perform faithfully the duties reposed in him by the Court under this Order and shall identify a primary contact for the Court and the parties' convenience.

4. The Receiver shall provide no bond at this time, but the Court reserves the right to require security.

5. The Receiver's responsibilities shall run to the Court. The Receiver shall take immediate, complete and exclusive control, custody and possession of all of the Collateral. The Receiver shall faithfully and punctually manage the Collateral and any ancillary business affairs involving the Collateral using standard, customary and prudent business practices. The Receiver shall be empowered to make day-to-day decisions in the management and operation of the Collateral, to promote the Collateral, and shall have the authority to take such other actions as are necessary, reasonable and prudent to preserve, operate, and manage the Collateral. The Receiver shall be authorized to market the Collateral for sale, and to sell same as the

1 Receiver deems appropriate, subject to and conditioned upon the approval of the
2 Court after application to the Court and notice to all parties.

3     6.    The officers, directors, employees, representatives and agents of
4 Defendants, and their respective agents, assignees, successors, representatives, and
5 all personnel acting under or in concert with them, shall turn over to the Receiver all
6 of the Collateral, wherever located, and in whatever mode maintained, including all
7 information contained on computers and any and all software related thereto, and all
8 codes and passwords related thereto, as well as all banking records, statements and
9 canceled checks from any and all accounts in which Petitioner had an interest or was
10 a signatory.

11     7.    Pursuant to Local Rule 66.1, no further hearing is necessary to confirm
12 the Receiver's appointment because this Order is stipulated by Defendants. The
13 Defendants shall provide the Receiver within five days of this order, a list of the
14 Defendants' creditors and their addresses.

15     8.    The Receiver shall have the power to employ an attorney, an
16 accountant, and such employees, consultants, and staff as may be reasonably
17 necessary to conduct the duties and business required by the Receiver under this
18 Order. The wages, costs, expenses and fees incurred by the Receiver shall be paid
19 as an expense from the assets managed and collected by the Receiver upon the
20 approval of the Court after application to the Court and notice to all parties.

21     9.    Within thirty days of this Order, the Receiver shall file with the court
22 the report required by Local Rule 66.1.

23     10.    For good cause shown, the Receiver may be removed at any time by
24 Order of the Court.

25     IT IS SO ORDERED.

26
27 Dated: __7-31-08__              *Larry A. Burns*
                                                 FOR HONORABLE DANA M. SABRAW
28                                                  JUDGE OF THE U.S. DISTRICT COURT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On August 1, 2008 I served the document(s) described as **RECEIVER'S: 1. ACCEPTANCE OF APPOINTMENT; 2. OATH; 3. CONTACT INFORMATION** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED LIST

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) At         , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on August 1, 2008 at Los Angeles, California.

☐ (STATE)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

　　　　　　　　　　　　　　　　　　　　/s/ Claudean Brandon
　　　　　　　　　　　　　　　　　　　　CLAUDEAN BRANDON

## SERVICE LIST

Attorneys for Plaintiff LaSalle Bank National Association
Lance N. Jurich
Derrick Talerico
Loeb & Loeb LLP
10100 Santa Monica Blvd Suite 2200
Los Angeles CA 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

Attorneys for Plaintiff LaSalle Bank National Association
Michael L. Molinaro (*pro hac vice pending*)
Blair R. Zanzig (*pro hac vice pending*)
321 N. Clark Street Suite 2300
Chicago IL 60657
Telephone: 312-464-3100
Facsimile: 312-464-3111

Attorneys for Defendants Comair Rotron, Inc., Thermaflo, Inc., and Comair Parent Corp
James P. Hill
Sullivan Hill Lewin Rez & Engel
550 West C Street Suite 1500
San Diego CA 92101
Telephone: 619-233-4100
Facsimile: 619-231-4372