1  STEVEN M. SPECTOR P.C. (SBN 51623)
   THOMAS M. GEHER (SBN 130588)
2  JEFFER, MANGELS, BUTLER & MARMARO LLP
   1900 Avenue of the Stars, Seventh Floor
3  Los Angeles, California 90067
   Telephone:    (310) 203-8080
4  Facsimile:    (310) 203-0567
   E-Mail:       sspector@jmbm.com
5
   Proposed Attorneys for Joel B. Weinberg, Receiver
6

7

                    UNITED STATES DISTRICT COURT
8
                    SOUTHERN DISTRICT OF CALIFORNIA
9

10

11  LASALLE BANK NATIONAL          CASE NO.    08-cv-1387 DMS (POR)
    ASSOCIATION,
12                                 RECEIVER'S APPLICATION FOR ORDER
            Plaintiff,              EXTENDING TIME LIMIT TO FILE
13                                  RECEIVER'S REPORT;
        vs.                         DECLARATIONS OF JOEL B. WEINBERG
14                                  AND STEVEN M. SPECTOR
    COMAIR ROTRON, INC.; THERMAFLO,
15  INC.; AND COMAIR PARENT CORP.,

16          Defendants.
                                   [NO HEARING REQUIRED]
17

18  TO THE HONORABLE DANA M. SABRAW, UNITED STATES DISTRICT JUDGE:

19          Joel B. Weinberg, the duly appointed, qualified and acting receiver herein

20  ("Receiver"), herewith requests that the Court extend the time limit within which the Receiver is

21  required to file and notice for hearing his Receiver's Report as described herein. In support thereof,

22  the Receiver respectfully represents and alleges the following:

23          1.      On July 31, 2008, this Court entered that certain Stipulated Order Appointing

24  A Receiver (the "Receiver Order"), a true copy of which is attached hereto, marked Exhibit "A" and

25  incorporated hereat by reference. Pursuant to the Receiver Order, Joel B. Weinberg was appointed

26  receiver herein and, as required by the Receiver Order, the Receiver has filed his acceptance of

27  appointment and oath.

28  / / /

2. Paragraph 9 of the Receiver Order provides that within "thirty days of [the] Order, the Receiver shall file with the Court the report required by Local Rule 66.1."

3. Subdivision e of Local Rule 66.1 provides that the Receiver shall file a verified report and petition for instructions (the "Receiver's Report") which shall contain the following:

(a) A summary of operations of the Receiver;

(b) An inventory of the assets and their appraised value;

(c) A schedule of all receipts and disbursements; and

(d) A list of all creditors, their addresses and the amounts of their claims.

In addition, the Receiver's Report shall also contain the Receiver's recommendation as to the continuance of the receivership and the reasons therefor.

4. Immediately upon his appointment and continuously thereafter through the date hereof, the Receiver's efforts have been primarily been focused upon preserving the going concern value of the defendant companies, certain nondefendant companies affiliated with the defendant companies (the "Mexican subsidiary, the UK subsidiary and the Shanghai subsidiary") in order to market the assets of each of the foregoing, solicit and obtain bids for the purchase of such assets, accept the highest and best bid received for the purchase of such assets and request this Court's approval of a sale of such assets based upon the foregoing.

5. In this regard, the Receiver has engaged accounting and field agents to assist him, engaged an investment banking firm for the purpose of marketing the assets of the companies and negotiating with prospective purchasers, engaged general counsel to provide legal advice to him with respect to the foregoing and with respect to these proceedings and engaged special counsel based in Mexico to provide legal advice and assistance with respect to the Mexican subsidiary.

6. In addition to the foregoing, complications have arisen as a result of the managers of the UK subsidiary placing the UK subsidiary into a proceeding resulting in the court appointment of an "administrator" for the UK subsidiary.

7. In addition to the foregoing, because of the appointment of the Receiver and the corresponding liquidation of the assets of the defendant companies and the nondefendant

1 companies, the Receiver has engaged in dealing with numerous and substantial inquiries from
2 customers of the defendant companies and nondefendant companies who have placed orders for
3 merchandise and who have substantial economic and business interests at stake with regard to their
4 involvement with the defendant companies and nondefendant companies. The Receiver also
5 received numerous inquiries from creditors of the defendant companies and nondefendant
6 companies with respect to monies which were owed to them.

7   8.   Based the foregoing, the Receiver has had insufficient time to prepare the
Receiver's Report and gather the information necessary to do so. As a result, the Receiver has
determined to request that this Court extend the time limit for the filing of the Receiver's Report to
and including September 19, 2008. No prior extension has been requested by the Receiver.

  9.   As set forth in the declaration of Steven M. Spector attached hereto, counsel
for the plaintiff and counsel for the defendant companies have no objection to the relief requested
by this application.

WHEREFORE, the Receiver respectfully requests that this Court make its order
extending the time limit within which the Receiver must file the Receiver's Report to and including
September 19, 2008.

DATED: August 29, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP

By: _____
STEVEN M. SPECTOR
Proposed Attorneys for Joel B. Weinberg, Receiver

## DECLARATION OF JOEL B. WEINBERG

I, Joel B. Weinberg, hereby declare:

1. I am the duly appointed, qualified and acting Receiver in the above matter.

2. I have read and review the foregoing Application and rather than recite all of the facts over as set forth therein, I hereby confirm that all of such facts are true, correct and accurate to the best of my knowledge, information and belief.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed at Encino, California on August 29, 2008.

_____
JOEL B. WEINBERG

## DECLARATION OF STEVEN M. SPECTOR

I, Steven M. Spector, hereby declare:

1. I am an attorney duly licensed to practice in the state of California and before the United States District Court for the Southern District of California. I am the principal of a professional corporation which is employed by Jeffer, Mangels, Butler & Marmaro LLP, proposed counsel for Joel B. Weinberg, the Receiver herein.

2. On August 29, 2008, I sent an e-mail to Michael Molinaro, counsel for the plaintiff herein and James Hill, counsel for the defendants herein. My e-mail advised each that the Receiver would request that the court grant an extension of time to file the Receiver's Report herein to and including September 19, 2008. Both Mr. Molinaro and Mr. Hill responded by e-mail advising me that they had no objection to the relief requested.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California on August __29__, 2008.

_____
STEVEN M. SPECTOR

# Exhibit "A"

1 | LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
2 | DERRICK TALERICO (SBN 223763)
dtalerico@loeb.com
3 | LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
4 | Los Angeles, California 90067-4120
Telephone: 310-282-2000
5 | Facsimile: 310-282-2200

6 | MICHAEL L. MOLINARO (*pro hac vice pending*)
BLAIR R. ZANZIG (*pro hace vice pending*)
7 | LOEB & LOEB LLP
321 n. Clark Street, Suite 2300
8 | Chicago, Illinois 60657
Telephone: 312-646-3100
9 | Facsimile: 312-464-3111

10 | Attorneys for Plaintiff
LaSalle Bank National Association
11

12 | UNITED STATES DISTRICT COURT
13 | SOUTHERN DISTRICT OF CALIFORNIA
14

15 | LASALLE BANK NATIONAL ASSOCIATION,    Case No. 08-cv-1387 DMS (POR)
16 |
                                           Assigned to Hon. Dana M. Sabraw
17 |       Plaintiff,
18 |   v.                                  **STIPULATED ORDER APPOINTING A RECEIVER**
19 | COMAIR ROTRON, INC.;
     THERMAFLO, INC.; and COMAIR
20 | PARENT CORP.,
21 |       Defendants.
22

23

24 |      BEFORE THE COURT is Plaintiff LaSalle Bank National Association's
25 | ("LaSalle") Motion for the Appointment Receiver (the "Motion") against the
26 | Defendants Comair Rotron, Inc. ("Comair Rotron"), Thermaflo, Inc. ("Thermaflo"),
27 | and Comair Parent Corp. ("Comair Parent"); due and proper notice of the Motion
28 | having been provided to all parties entitled thereto; the Parties having each agreed to

LA1794839.2
210322-10006

STIPULATED ORDER APPOINTING A RECEIVER
Case No. 08-cv-1387 DMS (POR)

EXHIBIT _A 6_

the entry of this Stipulated Order, and this Court otherwise being fully advised in the premises.

IT IS HEREBY ORDERED:

1. Joel B. Weinberg of Insolvency Services Group, Inc., 17401 Ventura Boulevard, Suited B-21, Encino California, 91316 is appointed as Receiver over all collateral pledged to LaSalle by Comair Rotron, Thermaflo and Comair Parent pursuant to the Loan Documents as alleged in the Complaint (collectively, the "Collateral").

2. The Receiver and the receivership which this Court is creating is subject to, and shall be, administered according to Federal Rule of Civil Procedure 66, the Local Civil Rule of the United States District Court for the Southern District of California 66.1 ("Local Rule 66.1"), and 28 U.S.C. § 959.

3. The Receiver's appointment herein shall be effective immediately upon the execution and entry of this order and the acceptance of the receiver filed with the Court. The Receiver shall provide his written acceptance and oath to perform faithfully the duties reposed in him by the Court under this Order and shall identify a primary contact for the Court and the parties' convenience.

4. The Receiver shall provide no bond at this time, but the Court reserves the right to require security.

5. The Receiver's responsibilities shall run to the Court. The Receiver shall take immediate, complete and exclusive control, custody and possession of all of the Collateral. The Receiver shall faithfully and punctually manage the Collateral and any ancillary business affairs involving the Collateral using standard, customary and prudent business practices. The Receiver shall be empowered to make day-to-day decisions in the management and operation of the Collateral, to promote the Collateral, and shall have the authority to take such other actions as are necessary, reasonable and prudent to preserve, operate, and manage the Collateral. The Receiver shall be authorized to market the Collateral for sale, and to sell same as the

1  Receiver deems appropriate, subject to and conditioned upon the approval of the
2  Court after application to the Court and notice to all parties.

3      6.    The officers, directors, employees, representatives and agents of
4  Defendants, and their respective agents, assignees, successors, representatives, and
5  all personnel acting under or in concert with them, shall turn over to the Receiver all
6  of the Collateral, wherever located, and in whatever mode maintained, including all
7  information contained on computers and any and all software related thereto, and all
8  codes and passwords related thereto, as well as all banking records, statements and
9  canceled checks from any and all accounts in which Petitioner had an interest or was
10 a signatory.

11     7.    Pursuant to Local Rule 66.1, no further hearing is necessary to confirm
12 the Receiver's appointment because this Order is stipulated by Defendants. The
13 Defendants shall provide the Receiver within five days of this order, a list of the
14 Defendants' creditors and their addresses.

15     8.    The Receiver shall have the power to employ an attorney, an
16 accountant, and such employees, consultants, and staff as may be reasonably
17 necessary to conduct the duties and business required by the Receiver under this
18 Order. The wages, costs, expenses and fees incurred by the Receiver shall be paid
19 as an expense from the assets managed and collected by the Receiver upon the
20 approval of the Court after application to the Court and notice to all parties.

21     9.    Within thirty days of this Order, the Receiver shall file with the court
22 the report required by Local Rule 66.1.

23     10.    For good cause shown, the Receiver may be removed at any time by
24 Order of the Court.

25     IT IS SO ORDERED.

Dated: 7-31-08

*[signature]*
FOR HONORABLE DANA M. SABRAW
JUDGE OF THE U.S. DISTRICT COURT

LA1794839.2
210322-10006

3

STIPULATED ORDER APPOINTING A RECEIVER
Case No. 08-cv-1387 DMS (POR)

EXHIBIT A 8

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On August 29, 2008 I served the document(s) described as **RECEIVER'S APPLICATION FOR ORDER EXTENDING TIME LIMIT TO FILE RECEIVER'S REPORT; DECLARATIONS OF JOEL B. WEINBERG AND STEVEN M. SPECTOR** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED LIST

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) At         , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☒ (BY E-MAIL SERVICE) I caused to be served via email the above-captioned document on all parties.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on August 29, 2008 at Los Angeles, California.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

CLAUDEAN BRANDON

## SERVICE LIST

Attorneys for Plaintiff LaSalle Bank National Association
Lance N. Jurich
Derrick Talerico
Loeb & Loeb LLP
10100 Santa Monica Blvd Suite 2200
Los Angeles CA 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200
E-Mail: ljurich@loeb.com
E-Mail: dtalerico@loeb.com

Attorneys for Defendants Comair Rotron, Inc., Thermaflo, Inc., and Comair Parent Corp
James P. Hill
Sullivan Hill Lewin Rez & Engel
550 West C Street Suite 1500
San Diego CA 92101
Telephone: 619-233-4100
Facsimile: 619-231-4372
E-Mail: hill@shlaw.com

Attorneys for Plaintiff LaSalle Bank National Association
Michael L. Molinaro (*pro hac vice pending*)
Blair R. Zanzig (*pro hac vice pending*)
Loeb & Loeb LLP
321 N. Clark Street Suite 2300
Chicago IL 60657
Telephone: 312-464-3100
Facsimile: 312-464-3111
E-Mail: mmolinaro@loeb.com

Joel B. Weinberg, Receiver
Insolvency Services Group
17401 Ventura Boulevard, Suite B-21
Encino, CA 91316
Telephone: 818-609-9268
Facsimile: 818-609-9686
E-Mail: jweinberg@usisg.com