1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

LASALLE BANK NATIONAL
ASSOCIATION,

12

Plaintiff,

13

vs.

14

15

COMAIR ROTRON, INC., THERMAFLO,
INC.; and COMAIR PARENT CORP.,

16

Defendant.

17

CASE NO. 08cv1387 DMS (POR)

**ORDER RE: RECEIVER'S SIXTH
REPORT**

[Doc. 105]

18      On November 6, 2009, and pursuant to Court order, Joel B. Weinberg, the receiver herein

19  ("Receiver"), filed the Receiver's Sixth Report and Petition for Instructions ("Sixth Report").  (Doc.

20  105.) The Sixth Report is unopposed. (*See* Doc. 107.)   The matter is suitable for submission without

21  oral argument, pursuant to Local Rule 7.1(d).

22      Pursuant to Local Rule 66.1, a receiver's report must include (1) a summary of Receiver's

23  operations; (2) an inventory of receivership assets and their appraised value; (3) a schedule of all

24  receipts and disbursements; (4) a list of all creditors, their addresses, and claimed amounts; and (5) a

25  petition for instructions including a recommendation as to whether the receivership should be

26  continued.   The Sixth Report provides the following:

27      *1.      Defendants' Business Operations*

28      As discussed in this Court's October 9, 2008 order concerning Receiver's First Report,

Defendant Comair Parent Corp. is a Delaware corporation.  (Doc. 38, at 2.)  It owns 100 percent of the issued and outstanding shares of Defendant Comair Rotron, Inc., which is also a Delaware corporation. (*Id.*.)  Comair Rotron, Inc., and Comair Parent Corp own 99.96 percent and .04 percent, respectively, of the shares in Comair Rotron de Mexico, S. de R.L. de C.V. ("Mexican Subsidiary").  (*Id.*) Defendant Comair Rotron, Inc. owns 100 percent of the issued and outstanding stock of Comair Rotron Europe, Ltd. ("UK Subsidiary"), Electronic Systems Cooling, Inc., and Defendant ThermaFlo, Inc.  (*Id.* at 2-3.)  The UK Subsidiary is currently under the control of an administrator appointed by a court in the United Kingdom.  (*Id.* at 3.)  Pursuant to this Court's order, the Receiver sold Defendant Comair Rotron's 100 percent stake in Shanghai Comair Cooling Fan, Co, to an affiliate of WET enterprises ("WET"). (*See* Order re: Receiver's Second Report, December 3, 2008, Doc. 61, at 2.)

During the time frame of the Sixth Report, the receivership proceedings have progressed to the point where the receivership estate is no longer conducting business operations.  (Pet. Ex. A, ¶1.) With limited exceptions, all of the receivership assets have been liquidated.  (*Id.*)  A claim involving the landlords of the Mexican Subsidiary was settled and the settlement was consummated.  (Pet., ¶ 3.) The Receiver indicates that the only remaining tasks are the pursuit of an inter-company account receivable from the UK Subsidiary, the allocation of assets and expenses as between Plaintiff's collateral and non-collateral, and the disposition of a claim against an individual named Gary Kuzmin that is currently in arbitration.  These are discussed below.

The Receiver further reports that he has paid all of the receivership's operating expenses when due. (Pet. Ex. A, ¶2.)  In addition, and pursuant to Court Order, the Receiver has paid all professional fees incurred in connection with the receivership.  (*Id.*)  Finally, the Receiver has not remitted excess proceeds to the Plaintiff from the liquidation of assets which are subject to its security interest because the Receiver has not received any excess proceeds during the period of the Sixth Report.  (*Id.* at ¶3)

### 2.     Defendants' Financial Condition

As of September 30, 2009, Defendants have a cash balance of $866,595.63.  (Pet., Ex. B, at 17.)  Setting aside the UK inter-company account receivable, Defendants' net accounts receivable is $ 0.  (*Id*. at 18)  Defendants no longer have any inventories of finished goods and raw materials and components, as they have either been delivered to customers or sold at public auction.  (*Id.*)  The Sixth

Report also details Defendants' receipts and disbursements (Pet. Ex. C), as well as Defendants' creditors, addresses, and claimed amounts (Pet. Ex. D).

>    *3.    Receiver's Petition for Instructions*

The Receiver requests that the Receivership be continued through April 30, 2010, for several reasons. (Pet., at 4.) First, the Receiver is monitoring proceedings in the UK over an inter-company account receivable which the Receiver believes will have substantial value of the receivership. (*Id.* at ¶1) The UK Subsidiary is currently "in administration" in the United Kingdom, which is similar to a receivership. (*Id.*) The Receiver submitted a claim for $2,094,879. (*Id.*) The UK administrator has acknowledged receipt of the claim and indicates the anticipated dividend is between 60 and 70 cents on the dollar. (*Id.*) Thus, the claim has an expected value between $1,256,000 and $1,466,000. (*Id.*)

Second, the Receiver must conclude an allocation of the sale of assets that were not Plaintiff's collateral and expenses attendant to such sale. (Pet., ¶3.) The Receiver has begun negotiations with Plaintiff's counsel to that end. Any agreement would require Court approval. Moreover, to the extent the Receiver is holding proceeds which are not collateral of the Plaintiff, the Receiver would have to distribute such proceeds to Defendants' unsecured creditors. (*Id.*) The Receiver anticipates that he will present plans for the solicitation of unsecured creditors' claims and distribution of proceeds to all valid claims to the Court for its approval in the future. (*Id.*)

Third, the Receiver reports that the receivership estate may have a claim against Mr. Kuzmin for nearly $200,000. (Pet., ¶5.) The claim concerns Mr. Kuzmin's contractual obligation to pay Defendants' reasonable attorney fees arising out of pre-receivership litigation against Defendants in a federal district court in Texas, which was subsequently ordered to arbitration. (*Id.*) The claim is currently handled by Defendants' pre-receivership counsel at no expense to the receivership estate.

For these reasons, IT IS HEREBY ORDERED:

1.    The receivership shall continue through the date upon which this Court makes a further order with respect to the Receiver's Seventh Report and Petition for Instructions; and

2.    Pursuant to Civ. L. R. 66.1, the Receiver shall file and serve his Seventh Report and Petition no later than ***April 12, 2010.*** Comments or objections shall be filed no later than ***April 19,***

1    ***2010.***  The matter shall be calendared for Friday, ***April 23, 2010 at 1:30 p.m.***

2          The Receiver shall notify interested parties of the Court's decision.

3    **IT IS SO ORDERED.**

4    DATED:  November 18, 2009

5    _____

6                          HON. DANA M. SABRAW
                            United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv1387