# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION,<br><br>              Plaintiff,<br><br>   vs.<br><br>COMAIR ROTRON, INC., THERMAFLO, INC.; and COMAIR PARENT CORP.,<br><br>              Defendant. | CASE NO. 08CV1387 DMS (POR)<br><br>**ORDER RE: RECEIVER'S TENTH REPORT**<br><br>[Doc. 147] |

On May 13, 2011, and pursuant to Court order, Joel B. Weinberg, the receiver herein ("Receiver"), filed the Receiver's Tenth Report and Petition for Instructions ("Tenth Report"). (Doc. 147.) No objections to the Tenth Report have been filed. The matter is suitable for submission without oral argument, pursuant to Local Rule 7.1(d).

Pursuant to Local Rule 66.1, a receiver's report must include (1) a summary of Receiver's operations; (2) an inventory of receivership assets and their appraised value; (3) a schedule of all receipts and disbursements; (4) a list of all creditors, their addresses, and claimed amounts; and (5) a petition for instructions including a recommendation as to whether the receivership should be continued. The Tenth Report provides the following:

   *1.     Defendants' Business Operations*

As discussed in this Court's October 9, 2008 Order concerning Receiver's First Report,

Defendant Comair Parent Corp. is a Delaware corporation. (Doc. 37 at 2.) It owns 100 percent of the issued and outstanding shares of Defendant Comair Rotron, Inc., which is also a Delaware corporation. (*Id.*) Comair Rotron, Inc., and Comair Parent Corp own 99.96 percent and .04 percent, respectively, of the shares in Comair Rotron de Mexico, S. de R.L. de C.V. ("Mexican Subsidiary"). (*Id.*) Defendant Comair Rotron, Inc. owns 100 percent of the issued and outstanding stock of Comair Rotron Europe, Ltd. ("UK Subsidiary"), Electronic Systems Cooling, Inc., and Defendant ThermaFlo, Inc. (*Id.* at 2-3.) The UK Subsidiary is currently under the control of an administrator appointed by a court in the United Kingdom. (*Id.* at 3.) Pursuant to this Court's Order, the Receiver sold Defendant Comair Rotron's 100 percent stake in Shanghai Comair Cooling Fan, Co., to an affiliate of WET enterprises ("WET"). (*See* Order re: Receiver's Second Report, December 3, 2008, Doc. 61, at 2.)

The receivership proceedings have progressed to the point where the receivership estate is no longer conducting business operations. (Pet. Ex. A, ¶ 1.) With one exception, all of the receivership assets have been liquidated. (*Id.*) The Receiver indicates that the only remaining tasks are the pursuit of a claim against an individual named Gary Kuzmin and the resolution of certain New York State tax issues. (*Id.*) These are discussed below.

The Receiver further reports that he continues to maintain adequate cash reserves for payment of the expenses of the receivership estate. (Pet. Ex. A, ¶ 2.) In addition, and pursuant to Court Order, the Receiver has paid all professional fees incurred in connection with the receivership. (*Id.*) Other than a claim submitted by the lawyers for the Defendant companies, the Receiver is unaware of any actual or alleged administrative expenses with respect to the receivership estate. (*Id.*) Finally, the Receiver has remitted excess proceeds held by the receivership estate during the period of the Tenth Report to the Plaintiff on account of Plaintiff's secured claim. (*Id.* at ¶ 3.)

   2.   *Defendants' Financial Condition*

As of April 30, 2011, Defendants had a cash balance of $200,834.56. (Pet. at 2.) All collectible accounts have been collected and Defendants' net accounts receivable is $0. (*Id.*) Defendants no longer have any inventories of finished goods, raw materials, or components, as they have either been delivered to customers or sold at public auction. (*Id.* at 2-3.) The Tenth Report also details Defendants' receipts and disbursements (Pet. Ex. B), as well as a list of Defendants' creditors,

including addresses and the amounts of their claims. (Pet. Ex. D).

   *3.   Receiver's Petition for Instructions*

First, the Receiver, with Court approval respecting the employment of special counsel, is pursuing a claim against Mr. Kuzmin for nearly $200,000. (Pet. ¶ 1.) The claim concerns Mr. Kuzmin's contractual obligation to pay Defendants' reasonable attorney fees arising out of pre-receivership litigation against Defendants in a federal district court in Texas, which was subsequently ordered to arbitration. (*Id.*) The claim is currently being handled by Defendants' pre-receivership counsel at no expense to the receivership estate. (*Id.*) While counsel reports that an arbitrator has been appointed, the Receiver is uncertain how long it will take to resolve this matter, but estimates 180 days are required to conclude the matter. (*Id.*)

Second, the Receiver has caused all missing tax returns to be prepared and filed. (*Id.* at ¶ 2.) The Receiver has received correspondence from New York State respecting what it perceives to be tax deficiencies, which the Receiver's accountants and administrator are attempting to resolve. (*Id.*) The Receiver estimates the magnitude of this matter to be between $10,000 and $15,000. (*Id.*)

As a result of the foregoing, the receivership estate is not in a position to be concluded. The Receiver requests that the Receivership be continued through September 30, 2011. (*Id.*)

For these reasons, IT IS HEREBY ORDERED:

1.   The receivership shall continue through the date upon which this Court makes a further Order with respect to the Receiver's Eleventh Report and Petition for Instructions; and

2.   Pursuant to Civ. L. R. 66.1, the Receiver shall file and serve his Eleventh Report and Petition no later than **September 30, 2011.** Comments or objections shall be filed no later than **October 7, 2011.** The matter shall be calendared for Friday, **October 14, 2011 at 1:30 p.m.**

The Receiver shall notify interested parties of the Court's decision.

**IT IS SO ORDERED.**

DATED: May 25, 2011

_____
HON. DANA M. SABRAW
United States District Judge