# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION,<br><br>          Plaintiff,<br>     vs.<br>COMAIR ROTRON, INC., THERMAFLO, INC.; and COMAIR PARENT CORP.,<br><br>          Defendant. | CASE NO. 08CV1387 DMS (POR)<br><br>**ORDER RE: RECEIVER'S TWELFTH REPORT** |

On January 31, 2012, and pursuant to Court order, Joel B. Weinberg, the receiver herein ("Receiver"), filed the Receiver's Twelfth Report and Petition for Further Instructions ("Report"). No objections to the Twelfth Report have been filed. The matter is suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d).

Pursuant to Civil Local Rule 66.1, a receiver's report must include (1) a summary of Receiver's operations; (2) an inventory of receivership assets and their appraised value; (3) a schedule of all receipts and disbursements; (4) a list of all creditors, their addresses, and claimed amounts; and (5) a petition for instructions including a recommendation as to whether the receivership should be continued. For the reasons which follow, the Receiver's report and the proposals, included in his request for instructions, are **APPROVED**.

### 1. *Summary of Receiver's Operations*

On July 31, 2008, Plaintiff LaSalle Bank National Association filed a complaint against Defendants Comair Rotron, Inc., Thermaflo, Inc. and Comair Parent Corp. for breach of contract and appointment of a receiver. Plaintiff alleged it had lent Defendants in excess of $20 million, secured by a "blanket" security interest in Defendants' personal property, and that Defendants defaulted on their obligation to repay Plaintiff's loans. In addition to a receivership, Plaintiff requested entry of judgment against Defendants for over $ 20 million owing on Plaintiff's loans.

On or about August 1, 2008, Defendants stipulated to an order appointing a receiver. Pursuant to the terms of his appointment and approval of the Court, the Receiver liquidated Defendants' assets. Accordingly, the receivership estate is no longer conducting business operations. The Receiver's operations have been reduced to the pursuit of a claim against Gary Kuzmin for approximately $200,000 in attorney's fees and the resolution of tax penalties assessed by New York, California and federal tax authorities.

### 2. *The Receivership's Financial Condition*

As of December 31, 2011, the receivership had a cash balance of $111,301.64. (Report Ex. B & C.) With the exception of the claim against Mr. Kuzmin, this appears to be the receivership's only asset. (*Id*.) The Receiver continues to maintain adequate cash reserves for the payment of receivership expenses. (*Id*. Ex. A.) During the reporting period, the Receiver has paid all professional fees incurred in connection with the Receivership and as provided in the October 17, 2011 Order Granting Receiver's Fifteenth Petition for Order Authorizing Payment of Professional Fees, which accounts for the bulk of the receivership's disbursements. (*See id*. Ex. B.) The Receiver is unaware of any actual or alleged unpaid administrative expenses with respect to the receivership. (*Id.* Ex. A.) The estate faces potential liabilities of approximately $53,000 for tax penalties as well as associated professional expenses. (*See id*.) Finally, the Report discloses a list of Defendants creditors other than Plaintiff with current balances. (*Id*. Ex. D.)

     *3.     Receiver's Petition for Instructions*

The Receiver requests approval for further proceedings against Mr. Kuzmin and management of the tax penalty issues. He requests the receivership to continue through July 2012 to allow for resolution of these matters.

The claim against Mr. Kuzmin arises out of pre-receivership litigation filed by Mr. Kuzmin against Defendants in the United States District Court in Texas, which was stayed pending arbitration. (Report at 3.) The Receiver's claim for fees is based on contract which provides for attorney's fees when a party files a lawsuit in violation of the arbitration clause. (*Id.*) The attorney fee claim is being handled by Defendants' pre-receivership counsel and is not paid out of the receivership estate. (*Id.* & Ex. A.) It is pending before JAMS in Los Angeles. Because Mr. Kuzmin has substituted counsel, the JAMS proceedings have been delayed, but the Receiver believes the attorney fee claim is more likely to settle. At present, however, the JAMS hearing has been continued and is anticipated to occur in May or June 2012. (*Id.* Ex. A.)

The Internal Revenue Service ("IRS") assessed a $50,000 penalty for failure to file IRS Form 4571, which is required when a taxpayer controls foreign subsidiaries. (Report Ex. A.) Defendants Comair Rotron, Inc. and Comair Parent Corp. controlled subsidiaries in China, Mexico and the United Kingdom. (*Id.*) When the Receiver filed the 2007, 2008 and 2009 tax returns, neither he nor his accountants were aware of the requirement to file the form. (*Id.*) In June 2011, the Receiver's accountants requested abatement of the penalty, which was denied. Given the large sum involved, the denial of abatement has been appealed. (*Id.*) The appeal could take as long as a year to resolve. (*Id.*)

The State of New York has assessed a $1,400 penalty and $200 to $300 in interest against the receivership estate for a late tax filing. (Report Ex. A.) During their last two years of operation, Defendants were deficient in the maintenance of their books and records. (*Id.*) The Receiver made the requisite tax filings to bring Defendants current, however, this triggered the late filing penalties. (*Id.*) The Receiver's accountants have filed a request to abate the penalties and interest, and the matter in under advisement with the New York taxing authorities. (*Id.*) Given the amount involved, the Receiver proposes to pay the penalties and interest without further proceedings, if the request for abatement is denied.

The California Franchise Tax Board assessed a $1,200 penalty because the 2009 tax return was paid by check rather than electronic fund transfer. (Report Ex. A.) The Receiver does not believe it would be cost effective to contest the penalty and therefore proposes to pay it. (*Id.*)

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. The Receiver's proposal regarding further proceedings in the arbitration against Mr. Kuzmin is approved. However, with his next report, the Receiver shall explain whether the merits of Mr. Kuzmin's claims against Defendants, pending in the United States District Court in Texas, have been resolved, and if not, a status report and assessment whether an unfavorable outcome could expose the receivership estate to an adverse claim.

2. The Receiver's proposals regarding tax penalties are approved.

3. The Receivers's request to continue the receivership is approved. The receivership shall continue through the date upon which this Court makes a further Order with respect to the Receiver's Thirteenth Report and Petition for Instructions.

4. Pursuant to Civil Local Rule 66.1, the Receiver shall file and serve his Thirteenth Report and Petition no later than ***June 29, 2012.*** Comments or objections shall be filed no later than ***July 9, 2012.*** The matter shall be calendared for Friday, ***July 20, 2012 at 1:30 p.m.***, but unless otherwise ordered, the issues will be addressed on the briefs and without oral argument.

5. The Receiver shall notify interested parties of the Court's decision.

**IT IS SO ORDERED.**

DATED: February 16, 2012

_____
HON. DANA M. SABRAW
United States District Judge